```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| WILLIAM C. PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV259 |
| | ) | |
| v. | ) | |
| | ) | |
| DR. BAKER, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on (1) the Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Filing No. 30), filed by defendants, Natalie Baker, M.D., Charity Powell, Rhonda Moore, and Thomas Gensler, M.D.; (2) Motion for Bench Trial (Filing No. 33) filed by the plaintiff, William C. Pierce; and (3) plaintiff's Motion to Rehear Motion for Summary Judgment (Filing No. 34).  In his complaint, the plaintiff, a former prisoner in the Douglas County Correctional Center ("DCCC"), alleges that he has been diagnosed with a mental illness for which medication has been prescribed, but during his incarceration, the defendants denied him the medicine prescribed for his condition.  Even when the plaintiff's treating physician contacted the DCCC on the plaintiff's behalf to document the plaintiff's condition and his need for particular medication, the defendants refused to provide the appropriate treatment.  As a result, the plaintiff suffered hallucinations, acute distress and other symptoms of his untreated disorder.

**Motion to Dismiss**

The complaint incorporates the plaintiff's grievance forms referring to the defendants, and each of the defendants has responsibility for some aspect of medical care at DCCC.  That discovery may be necessary for the plaintiff to determine the precise nature of each defendant's role in the denial of medical care does not require dismissal or amendment of the complaint.

"Deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment . . . . To show deliberate indifference, plaintiffs must prove an objectively serious medical need and that [the defendants] knew of the need but deliberately disregarded it."  *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)(citations omitted).  The plaintiff asserts that he has a diagnosis of paranoid schizophrenia, the seriousness of which no party contests.  The defendants also do not deny the plaintiff's statement that they were informed by his treating physician of the plaintiff's diagnosis and of his need for specific prescribed medication.

The defendants seek dismissal of the complaint on the theory that the plaintiff alleges no more than a mere difference of opinion over treatment decisions.  However, the plaintiff actually alleges the absence of medical treatment.  The Eighth Circuit has distinguished between mere differences of opinion

-2-

regarding treatment, which may not constitute deliberate indifference, as opposed to failure to render aid or treat a serious medical condition, without delay, which may indeed constitute deliberate indifference.  *See, e.g., Plemmons v. Roberts*, 439 F.3d 818, 823-25 (8th Cir. 2006); *Pool v. Sebastian County*, 418 F.3d 934, 944-45 (8th Cir. 2005); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Tlamka v. Serrell*, 244 F.3d 628, 632 (8th Cir. 2001).

The defendants also argue that because the plaintiff has "only" a mental illness, he suffered no physical injury, and thus, he can recover no damages pursuant to 42 U.S.C. § 1997e(e). Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") states:  "Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  It is questionable whether Congress intended § 1997e(e) to extend to a deliberately indifferent failure to treat a serious mental health condition.  Nevertheless, even if applicable in such circumstances, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.  *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004), *cert. denied*, 544 U.S. 1061 (2005).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. *Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). *See also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002), *citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993): "In *Leatherman* we stated: '[T]he Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983. *Expressio unius est exclusio alterius*.'" (Emphasis in original.)

The defendants' Motion to Dismiss or, in the Alternative, Motion for More Definite Statement, will be denied. Discovery will enable the plaintiff to determine the participation of each defendant in the decision to deny the plaintiff medication for his psychosis. He will then be better

-4-

able to respond to the defendants' questions concerning his theories about their individual liability.

### Motion for Bench Trial

Fed. R. Civ. P. 38 entitles any party to request a jury trial, if the request is timely.  Defendant Patton has requested a trial by jury in his answer (Filing No. 32).  That request was timely, and thus, the plaintiff's request for a bench trial has been superseded by Patton's request for a jury, and that motion will be denied.

### Motion for Summary Judgment

A court cannot grant summary judgment if material issues of fact remain in the case.  In this case, many issues of fact remain, including which of the defendants had responsibility for the decision(s) of which the plaintiff complains.  The Court cannot grant summary judgment and terminate the case before the parties have even undertaken discovery and learned the facts of the case.  Therefore, the plaintiff's Motion to Rehear Motion for Summary Judgment (Filing No. 34), will be denied.  Accordingly,

IT IS ORDERED:

1)  That defendants' Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Filing No. 30) is denied;

      2)   That plaintiff's Motion for Bench Trial (Filing No. 33) is denied as one of the defendants has requested a trial by jury; and

      3)   That plaintiff's Motion to Rehear Motion for Summary Judgment (Filing No. 34) is denied.

      DATED this 31st day of August, 2006.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court