IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM C. PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV259 |
| | ) | |
| v. | ) | |
| | ) | |
| NATALIE BAKER, M.D., et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's motion to extend time to respond to discovery requests (Filing No. 45), and defendants' motion to compel Pierce to respond to discovery requests (Filing No. 48).

After filing an answer to Pierce's complaint, defendants served Pierce with discovery requests in the form of written interrogatories, requests for admissions, and requests for the production of documents. Pierce did not respond to defendants' discovery requests, and defendants subsequently filed a motion to compel Pierce to serve responses to said requests. Defendants also filed a brief (Filing No. 49) and an index of evidence (Filing No. 50) in support of their motion to compel.

District courts are accorded broad discretion in determining the scope of discovery and enforcing discovery rules. *Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 344 (8th Cir. 1979). Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the

claim or defense of any party." Fed. R. Civ. Pro. 26(b)(1). Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26(b)(1) has been construed liberally "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Fed. R. Civ. P. 37 requires the movant to provide proof of a good faith effort made on their part to confer with the person or party failing to respond before resorting to court action. *Id*. The defendants made a good faith effort in obtaining disclosure of the desired information by contacting Pierce and asking him to respond (Filing No. 50). Defendants also provided Pierce with additional copies of the interrogatories, requests for admissions, and requests for production of documents, in case he misplaced the others (Filing No. 50).

The information that defendants seek through their discovery requests is relevant to issues in this case and Pierce is required to respond to these discovery requests. Pierce claims that he does not have the records necessary to adequately

-2-

respond. However, this does not relieve plaintiff from his obligation to respond to the extent he has or can reasonably obtain the necessary information.

Plaintiff's motion to extend time to respond to discovery requests will be denied as moot. Plaintiff has had more than ample time to respond to the discovery requests made by defendants.

IT IS ORDERED:

1) That plaintiff's motion to extend time to respond (Filing No. 45) is denied as moot.

2) That defendants' motion to compel (Filing No. 48) is granted, and Pierce shall have until July 6, 2007, to respond to defendants' discovery requests.

DATED this 13th day of June, 2007.

BY THE COURT:
/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court